# Exhibit 2

Declaration of Jeffrey D. Gaines

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

|  |  |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE; REV. JAYLEN N. SHORTS, an individual; and REV. MICHAEL E. DAVIS, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>R. STEVEN LANDES, in his official capacity as Clerk of Circuit Court for Augusta County; TIM A. MARTIN, in his official capacity as Commonwealth's Attorney for Augusta County; STACI N. FALLS, in her official capacity as Clerk of Circuit Court for the City of Staunton; and JEFFREY GAINES, in his official capacity as Commonwealth's Attorney for the City of Staunton,<br><br>　　　　　　　Defendants. | Case No. 5:25-cv-47 |

## **DECLARATION OF JEFFREY D. GAINES**

I, Jeffrey D. Gaines, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am currently employed as the Commonwealth's Attorney for the City of Staunton, Virginia.

2. In that capacity, by statute, I am part of law enforcement in and the lead prosecutor for the City of Staunton. Va. Code § 15.2-1627(B).

3. In my role as Commonwealth's Attorney, I have a statutory duty to prosecute all felony charges. *Id.* By statute, the prosecution of misdemeanors for which convictions carry the

possibility of confinement in jail or a fine of $500 or more are within my discretion, meaning I may, but am not required to, prosecute such charges. *Id.*

4.  I have reviewed the challenged criminal statute in this case, Va. Code § 20-28, which criminalizes any person knowingly performing the ceremony of marriage without a lawful license or officiating in the celebration of the rites of marriage without authorization by law.

5.  Because Virginia Code § 20-28 establishes a maximum sentence of confinement of one year in jail and a maximum fine of $500, it is an unclassified misdemeanor under Virginia law. Va. Code §§ 18.2-8 and 18.2-11(c).

6.  I have never personally prosecuted any offense under Virginia Code § 20-28 or threatened to prosecute anyone under Virginia Code § 20-28. Nor have I directed any of my Assistant Commonwealth's Attorneys to prosecute any offense under that Code section.

7.  Moreover, I am not aware of any prosecution or threat of prosecution of Code § 20-28 that has occurred in the City of Staunton.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 14, 2025, at Staunton, Virginia

Jeffrey D. Gaines
Commonwealth's Attorney
Staunton, Virginia

2